UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| John J. Weber,<br>  *Plaintiff*,<br><br>  v.<br><br>FUJIFILM Medical Systems U.S.A., Inc., Hiroaki Tada, FUJIFILM Holdings America Corporation, FUJIFILM Holdings Corporation, and FUJIFILM Corporation,<br>  *Defendants.* | Civil No. 3:10cv401 (JBA)<br><br><br><br><br>January 21, 2011 |

RULING ON PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S RULING

On July 15, 2010, Magistrate Judge Joan G. Margolis issued a Ruling [Doc. # 98] denying Plaintiff John Weber's Motion to Compel Production of Documents Claimed by Defendants to be Privileged. Plaintiff objects [Doc. # 103] to that Ruling, arguing that Magistrate Judge Margolis incorrectly found that documents numbered 2–6, 11, 12, 14–16, 28, and 30 in Defendants' Privilege Log are either privileged in their entirety or contain privileged portions. For the reasons stated below, the Court will overrule Plaintiff's objection.

I.  Background

In response to a subpoena *duces tecum* served by Plaintiff on counsel for Defendant Hiroaki Tada in connection with his April 20, 2010 deposition, Defendants provided Plaintiff with "numerous documents" and also a Privilege Log, claiming 64 documents as privileged. (Pl.'s Mem. Supp. Mot. Compel [Doc. # 48] at 1–2; Defs.' Opp'n Mot. Compel [Doc. # 58] at 2.) Defendants, in response to the Court's instructions, subsequently produced an Amended Privilege Log and submitted the withheld documents to the Court for *in camera* review. (Defs.' Opp'n at 2.) The withheld documents included twelve e–mail

communications (numbers 2–6, 11, 12, 14–16, 28, and 30 in the Amended Privilege Log) that were neither sent by, received by, nor copied to, counsel for FujiFilm Medical Systems U.S.A., Inc. ("FMSU"), FujiFilm Holdings America Corporation ("HLUS"), or FujiFilm Holdings Corporation ("FH"). (*See* Am. Privilege Log, Ex. 1 to Defs.' Opp'n; Pl.'s Objection to Magistrate's Ruling at 3; Magistrate's Ruling at 3.)

Each of these twelve e–mails was instead sent by Tada to members of FH's Corporate Planning Headquarters or received by Tada from FH's Corporate Planning Headquarters. (Am. Privilege Log; Pl'.s Objection at 3–4; Defs.' Opp'n [Doc. # 108] to Pl.'s Objection at 3.) These communications all concern the merger between FMSU and Empiric Systems, LLC, which preceded Weber's discipline and ultimate termination from FMSU. (*See* Defs.' Opp'n to Mot. to Compel at 3–4.) After conducting an *in camera* review, Magistrate Judge Margolis found that documents numbered 2–6, 11, 12, 14–16, 28, and 30 in Defendants' Amended Privilege log concerned the Empiric merger and were accordingly privileged in whole or in part. (July 15, 2010 Ruling at 3–4.)

Plaintiff argues that because no attorney is a party to these communications and Defendants have not shown that Tada forwarded or interpreted these communications for corporate counsel, Defendants cannot meet their burden of demonstrating attorney–client privilege, and Magistrate Judge Margolis accordingly clearly erred in finding the twelve communications, or portions thereof, to be privileged. (Mem. Supp. at 5; Pl.'s Objection at 3–4.) Defendants argue that the ruling is not clearly erroneous because these communications, although not from or to corporate counsel, concern the passing of legal advice through an agent, Tada, among those with a shared community of interest—FH's

Corporate Planning Headquarters—in the legal advice concerning the Empiric Merger. (Defs.' Opp'n to Mot. to Compel at 7–11; Defs.' Opp'n to Pl.'s Objection at 3–4.)

II.     Standard of Review

"Matters concerning discovery generally are considered 'nondispositive' of the litigation . . . [and] are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (citations omitted). Under the clearly erroneous standard, a reviewing court may reverse a finding "only if 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Mobil Shipping and Transp. Co. v. Wonsild Liquid Carriers Ltd.*, 190 F.3d 64, 67–68 (2d Cir. 1999) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)).

III.    Discussion

Although the attorney–client privilege generally protects confidential communications between client and attorney in the course of seeking legal advice, the privilege extends to communications between a client and agents for his or her attorney or agents for attorneys who represent parties with a "common interest" in the course of an ongoing enterprise. *United States v. Schwimmer*, 892 F.2d 237, 243–44 (2d Cir. 1989). This common interest rule protects communications made among parties and their attorneys working towards a common goal as long as, as with all privileged communications, the communication at issue was made in confidence and the client "reasonably understood it to be so given." *Id.* at 244 (common–interest rule and attorney–client privilege applied to communications between Schwimmer and the accountant hired by his co–defendant's

attorney to serve both defendants' joint interests where the information given "was imparted in confidence for the ultimate purpose of assisting attorneys who had agreed upon and undertaken a joint strategy of representation").

This principle has been used to extend the privilege "to communications between a parent corporation and its attorneys which are also communicated to a subsidiary." *Roberts v. Carrier Corp.*, 107 F.R.D. 678, 687 (N.D. Ind. 1985) (collecting cases) ("[I]f a corporation with a legal interest in an attorney–client communication relays it to another related corporation, the attorney–client privilege is not thereby waived. The third party corporation need not be a party to any anticipated or pending litigation; it may share a community of interest (so as to keep communications privileged) if it shares an identical, and not merely similar, legal interest as the client with respect to the subject matter of the communication between the client and its attorney.") (citing *Duplan Corp. v. Deering Milliken, Inc.*, 397 F. Supp. 1146, 1172, 1184–85 (D.S.C. 1974)). Similarly, communications among corporate employees, although not directly to or from corporate counsel, can be privileged if those communications are made among employees who need to know their content, i.e. who share the common interest, and are made for the purpose of seeking or receiving legal advice. *See White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1269 (D. Kan. 2008); *Andritz Sprout–Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D. 609, 633 (M.D. Penn. 1997).

Magistrate Judge Margolis did not clearly err in finding that the communications between Tada and the FH Corporate Planning Headquarters concerning the FMSU–Empiric merger are privileged. The e–mail communications between Tada and FH's Corporate Planning Headquarters, although not directed or copied to corporate counsel, concern legal

4

advice related to the FMSU–Empiric merger, a matter in which FMSU and FH have a common legal interest. As observed by Magistrate Judge Margolis, these communications relay legal advice or gather information related to legal advice among individuals with a "need to know" (July 15, 2010 Ruling at 3–4), and are therefore privileged under the common interest rule. The Court is accordingly not left with the "definite and firm conviction" that Magistrate Judge Margolis committed a mistake in finding that these communications are privileged. *See Mobil Shipping*, 190 F.3d at 67–68.

IV. Conclusion

For the reasons stated above, Plaintiff's objection in part [Doc. # 103] to the Magistrate Judge's July 15, 2010 Ruling is overruled, and the Ruling is approved and adopted.

IT IS SO ORDERED.

                        /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 21st day of January, 2011.