UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| John J. Weber,<br>    *Plaintiff*,<br><br>v.<br><br>FUJIFILM Medical Systems U.S.A., Inc., Hiroaki Tada, FUJIFILM Holdings America Corporation, FUJIFILM Holdings Corporation, and FUJIFILM Corporation,<br>    *Defendant*s. | Civil No. 3:10cv401 (JBA)<br><br><br>January 21, 2011 |

RULING ON PLAINTIFF'S MOTION TO COMPEL
FURTHER DEPOSITION OF HIROAKI TADA

Plaintiff John Weber, having deposed Defendant Hiroaki Tada on April 20 and 29, 2010, moves [Doc. # 60] pursuant to Federal Rule of Civil Procedure 30(d)(1) to compel further deposition of Defendant Tada. For the reasons stated below, the Court will deny Plaintiff's motion to compel.

Defendants previously made Mr. Tada available for two full days of deposition testimony on April 20 and 29, 2010. (Mem. Opp'n [Doc. # 72] at 2.) On April 18, 2010, in connection with Tada's deposition and in response to a subpoena *duces tecum*, Defendants produced non–privileged responsive documents and a Privilege Log that claimed 64 documents as privileged. (*Id.*; Pl.'s Mem. in Supp. of Mot. to Compel [Doc. # 48] at 1–2; Defs.' Opp'n to Mot. to Compel [Doc. # 58] at 2.) On May 18, 2010, Defendants submitted an Amended Privilege Log withdrawing the claim of privilege with respect to nine documents, produced those documents, and produced thirteen other documents in redacted form. (Mem. Opp'n at 2; Defs.' Opp'n to Mot. to Compel at 3; Amended Privilege Log, Ex. 1 to Defs.' Opp'n to Mot. to Compel.)

Plaintiff argues that because Defendants failed to produce these documents prior to Tada's deposition and have withheld as privileged, in part or in whole, other documents that the Court should compel Defendants to produce, "Plaintiff's deposition of Mr. Tada was impeded." (Pl.'s Mot. to Compel Tada Dep.; Pl.'s Reply Mem. in Supp. of Mot. to Compel Produc. of Docs. and for Further Dep. of Tada [Doc. # 62] at 3.) Defendants argue that given Plaintiff's decision to conduct Tada's deposition earlier in the litigation rather than waiting for further discovery, the May 18 production, totaling a mere twenty pages (approximately), does not justify calling Tada back for a third day of deposition testimony. (Mem. Opp'n at 2–3.) The Court agrees.

Magistrate Judge Margolis previously denied [Doc. # 98] Plaintiff's Motion to Compel documents claimed by Defendants to be privileged, and the Court recently overruled Plaintiff's objection to that ruling [Doc. # 211]. Therefore, the only documents that Plaintiff is entitled to that it did not have prior to Tada's two–day deposition are those documents as to which Defendants withdrew their claim of privilege and produced in whole or in redacted form on May 18, 2010, totaling approximately twenty pages. Given the limited content of these documents, the Court is unconvinced that further deposition of Hiroaki Tada is warranted. Similarly, Plaintiffs are unable to demonstrate that, under Federal Rule of Civil Procedure 30(d)(1), Defendants' failure to produce these documents prior to Tada's deposition "imped[ed] or delay[ed] the examination."

Plaintiff's Motion to Compel [Doc. # 60] further deposition of Hiroaki Tada is therefore DENIED.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 21st day of January, 2011.