UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| John J. Weber,<br>  *Plaintiff*,<br><br>  *v.*<br><br>FUJIFILM Medical Systems U.S.A., Inc., Hiroaki Tada, FUJIFILM Holdings America Corporation, FUJIFILM Holdings Corporation, and FUJIFILM Corporation,<br>  *Defendants*. | Civil No. 3:10cv401 (JBA)<br><br><br>February 17, 2011 |

RULING ON MOTION TO COMPEL DISCOVERY

After much sturm und drang, there remain three substantive discovery disputes regarding Defendants' Motion [Doc. # 152] to Compel Discovery Responses and for Costs and Fees.

I. Medical Authorizations

Plaintiff has refused to provide his authorization for medical treatment records claiming that having provided Defendants with "[a]ll medical records as they were provided to Mr. Weber," (10/1/10 Letter, Ex. R. to Tuttle Aff. to Mot. to Compel, at 1), he has no further obligation and that since these medical records which are obviously in the hands of third parties—the medical providers—he has no obligation under Federal Rule of Civil Procedure 34 to provide authorizations and Defendants could obtain these records "just as readily as Plaintiff." (Opp'n [Doc. # 169] at 6.) The result of Plaintiff's refusal is Defendants' use of subpoenas and the deposition process to obtain records that may, but also may not, correspond to the records Plaintiff supplied, which Defendants have reason to believe are incomplete. Plaintiff does not claim that his medical records are not relevant, an obvious conclusion since he has put his medical state at issue by claiming physical and mental

damages. Nor does he assert that providing the requested medical authorization would be unduly burdensome or costly.

Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any non–privileged matter that is relevant to any party's claim or defense . . . [meaning] if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Defendants can obtain Plaintiff's medical records only by Plaintiff granting his medical providers permission to disclose records or by the subpoena and deposition process. Courts recognize that the authorization process is markedly more efficient. *See, e.g. Field v. West Virginia State Police*, 264 F.R.D. 260, 264 (S.D.W. Va. 2010) ("Rule 34(a) of the Federal Rules of Civil Procedure clearly requires a plaintiff to produce for inspection and copying any records in the plaintiff's possession which are relevant. . . . Similarly, Rules 30(a) and 33(a) provide a defendant with the opportunity to question a plaintiff about relevant medical and mental health treatment which the party has undergone. . . . While the process is more complex, a party who complies with the regulations may obtain a court order which requires the healthcare provider to produce the records in response to a subpoena.").

Plaintiff's objection is overruled and Plaintiff is ordered to authorize his medical providers to disclose his records to Defendants. After considering the grounds for Plaintiff's objection, the Court finds that it lacks substantial justification and Defendants' reasonable expenses will be awarded under Rule 37(a)(5)(A)(ii).

II.     Criminal Charges and Convictions

Defendants seek Plaintiff's answer to the interrogatory: "State whether you have ever been charged with or convicted of any crime. If so, provide the dates of any such criminal

charge or conviction; the location of each and every such criminal charge or conviction; and a summary of the substance of each and every such criminal charge or conviction." (Mem. Supp. [Doc. # 152–1] at 18–19.) Plaintiff has replied that this interrogatory does not seek information "relevant or reasonably calculated to lead to the discovery of admissible evidence" (Pl.'s Resp. to Interrog., Ex. I to Tuttle Aff. at 8), and that "[w]hether Mr. Weber has ever been charged with or convicted of any crime does not fall within the scope of discovery for this matter," (10/1/10 Letter at 6). This reply is not responsive in any way. The discovery is relevant, if for potential impeachment purposes alone, and Plaintiff is ordered to answer either in writing under oath or at deposition.

Plaintiff's objection is overruled and the Court finds that it lacks substantial justification and Defendants' reasonable expenses will be awarded under Rule 37(a)(5)(A)(ii).

III.     Identification of Alleged Admissions by Defendants

Defendants seek to know what statements by Defendants or anyone acting on their behalf Plaintiff claims are "admissions." (Mem. Supp. at 14–15.) Plaintiff responds by referencing the depositions of Tada and Genovese, but without further specification, claiming undue burden, attorney work product protection, and that the request calls for a legal conclusion beyond Plaintiff's knowledge. (Pl.'s Resp. to Interrog., Ex. H to Tuttle Aff. at 3; 10/1/10 Letter at 3.) Under Rule 33(a)(2) "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."

The Court will grant Defendants' Motion but will not compel Plaintiff's response

3

until parties begin their preparation of the Joint Trial Memorandum. No expenses are awarded for this portion of Defendants' Motion to Compel.

IV. Conclusion

For the reasons stated above, Defendants' Motion [Doc. # 152] to Compel and for Costs and Fees is GRANTED. Defendants' application for reasonable expenses incurred in compelling discovery with respect to Plaintiff's medical authorization and criminal charges and convictions may be filed in 14 days. Any response by Plaintiff may be filed 14 days thereafter

Plaintiff's opposition makes much of his compliance with discovery after Defendants brought their Motion to Compel and Defendants' failure to respond to his post–motion dispute resolution overtures. Plaintiff's counsel appears to misapprehend the purpose of the requirement that a movant "in good faith confer[] or attempt[] to confer with the person . . . failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Although Plaintiff's pre–motion compliance has significantly narrowed what remains for Court action, it has produced a tortured discourse to that point at total odds with "secur[ing] the just, speedy, and inexpensive determination" of this proceeding. Fed. R. Civ. P. 1. In fact, the tenor of proceedings in this case in general has not advanced the mandate of the Civil Justice Reform Act to reduce delay and expense in civil litigation. While the Court has awarded only limited expenses here, the parties are forewarned that

unreasonable or unnecessary conflicts and disputes will be handled with considerably greater severity in the future.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 17th day of February, 2011.