UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
JOHN J. WEBER                                            :
:                            3:10 CV 401 (JBA)
:
v.                                                       :
:
FUJIFILM MEDICAL SYSTEMS, U.S.A.,      :                 AUGUST 16, 2011
ET AL.                                                   :
---------------------------------------------------------x

RULING ON PENDING DISCOVERY MOTIONS

The factual and procedural history behind this vastly over-litigated lawsuit is set forth in the considerable rulings of U.S. District Judge Janet Bond Arterton, and in the three discovery rulings by this Magistrate Judge – Ruling on Plaintiff's Motion to Compel Documents Claimed by Defendants to be Privileged, filed July 15, 2010 (Dkt. #98), 2010 WL 5834839; Ruling on Plaintiff's Motion for Court Approval of Counsel's Contact with Former Employees of Defendants and on Defendants' Cross-Motion for Protective Order in Relation to Plaintiff's Request to Conduct Ex Parte Interviews of Former Employees, filed July 19, 2010 (Dkt. #99), 2010 WL 2836720; Ruling on Plaintiff's Objection to Ruling on Plaintiff's Motion for Court Approval of Counsel's Contact with Former Employees of Defendants, filed December 3, 2010 (Dkt. #189); Ruling on Defendants' Motions for Protective Order Prohibiting the Depositions of Kazuo Nakamura and Shigetaki Komori, filed January 24, 2011 (Dkt. #210), 2011 WL 677278; Ruling on Plaintiff's Objection to Magistrate Judge's Ruling, also filed January 24, 2011 (Dkt. #211), 2011 WL 677282; Ruling on Plaintiff's Motion to Compel Further Deposition of Hioraki Tada, also filed January 24, 2011 (Dkt. #212), 2011 WL 282180; Ruling on FUJIFILM Holdings Corporation's Motion to Dismiss for Lack of Personal Jurisdiction, filed February 4, 2011 (Dkt. #220), 2011 WL 446895; Ruling on Motion to Compel Discovery, filed

February 17, 2011 (Dkt. #227), 2011 WL 674026; Ruling on Plaintiff's Motion to Dismiss FUJIFILM Medical Systems U.S.A., Inc.'s Counterclaims, filed February 28, 2011 (Dkt. #233), 2011 WL 7811172, and Ruling on Pending Discovery Motions, filed July 27, 2011 (Dkt. #265)["July 2011 Ruling"], 2011 WL 3163597.  (See also Dkts. ##22, 24, 41, 49, 94, 95, 96, 146, 150, 190, 197, 228, 231, 237, 240, 256, 260).

Except for the discovery at issue in Plaintiff's Motion for Partial Reconsideration of the Court's February 17, 2011 Ruling on Defendants' Motion to Compel Discovery and Awards of Sanctions, filed February 25, 2011 (Dkt. #230; see also Dkts. ##232, 236), which is pending before Judge Arterton, the limited document production ordered by August 15, 2011 in the July 2011 Ruling, 2011 WL 3163597, at *5, 8, the depositions of Kazuo Nakamura and Shigetaka Komori to be held at the U.S. Embassy in Tokyo on August 22, 2011 (Dkt. #260), and the issues addressed in this ruling, all discovery has been completed.  (See Dkt. #231, at 13-21, 28-45).

The July 2011 Ruling ordered defendants to provide to this Magistrate Judge copies of the 332 new pages that appear on defendant FMSU's Revised Second Supplemental Privilege Log, for her in camera review on the issue of privilege.  2011 WL 3163597, at *3. These documents were received in Chambers on August 5, 2011 in a large binder, along with a cover letter listing the titles of the various individuals whose names appear on these documents.  The ninety-five new documents (Nos. 203-97) are all strings of e-mails, often duplicative, from the period of January 30, 2009 through December 16, 2009.

Of the ninety-five new documents, fifty-eight of them are unquestionably protected from disclosure to plaintiff by virtue of the attorney-client privilege, namely Document Nos. 238-56, and 259-97, and thus need not be disclosed to plaintiff.

For thirty-one documents, while the documents <u>are</u> privileged attorney-client communications, <u>for purposes of discovery only</u>, they are not protected from disclosure to plaintiff for the simple reason that he was the author, or a recipient, of these e-mails and thus already has had access to them; these documents are Document Nos. 203-216, 218-22, 224-25, 227-31, and 233-37. For three additional e-mails, Nos. 223, 226, and 232, plaintiff was neither the author nor a recipient, but these e-mails were included in the long string of e-mails of which plaintiff was a part. For a fourth additional e-mail, No. 217, plaintiff similarly was neither the author nor a recipient, but this e-mail also was included in a long string of e-mails of which plaintiff was part; what distinguishes this e-mail from the three others is that it is entitled: "(CONFIDENTIAL – FOR SETTLEMENT PURPOSES SUBJECT TO FED. R. EVID. 408.")(emphasis in original). If plaintiff already has seen this e-mail by virtue of being part of a long string of e-mails, then defendants must produce a copy to plaintiff; if, however, plaintiff has not already seen this e-mail, then it need not be disclosed. Thus, <u>subject to an appropriate protective order</u>, defendants shall produce copies of these thirty-four or thirty-five e-mails (Documents Nos. 203-16, 218-37, and possibly No. 217) to plaintiff, if plaintiff does not already have copies, **on or before August 22, 2011**.

Similarly, while the cover e-mails in Document Nos. 257 and 258 are privileged, certain attachments to them are not, namely DEF Privileged Bates Nos. 967-79 and 981-87, which shall be produced to plaintiff, <u>subject to an appropriate protective order</u>, if plaintiff does not already have copies, **on or before August 22, 2011**.[1]

---

[1]This finding is obviously without prejudice to defendants asserting the attorney-client privilege in the event that plaintiff wishes to use any of these documents at trial.

The July 2011 Ruling indicated that the issue of "selective waiver" would be addressed in this ruling. 2011 WL 3163597, at *8-9. Plaintiff is correct that defendants have disclosed one redacted document which is privileged (<u>see</u> Dkt. #238, Exh. EE), but this sole production does not

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; Fed. R. Civ. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**[2]

Dated at New Haven, Connecticut, this 16th day of August, 2011.

                                                             /s/ Joan G. Margolis, USMJ
                                                            Joan Glazer Margolis
                                                            United States Magistrate Judge

---

appear to give rise to a wholesale waiver of the attorney-client privilege under Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 485 (S.D.N.Y. 1995).

[2]The binder shall remain in this Magistrate Judge's Chambers pending further court order.

If any counsel believes that a continued settlement conference before this Magistrate Judge would be productive, he or she should contact Chambers accordingly. (See Dkts. ##246, 259).