UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN J. WEBER,<br>    *Plaintiff,*<br>    *v.*<br>FUJIFILM MEDICAL SYSTEMS U.S.A., Inc., HIROAKI TADA, FUJIFILM HOLDINGS AMERICA CORPORATION, and FUJIFILM CORPORATION,<br>    *Defendants.* | Civil No. 3:10cv401 (JBA)<br><br>August 13, 2015 |

**RULING ON PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS AND DEFENDANTS' OBJECTIONS TO PLAINTIFF'S BILL OF COSTS**

Plaintiff and Defendants have each submitted a bill of costs, seeking reimbursement for their costs associated with this case. (*See* Pl.'s Bill of Costs [Doc. # 564]; Defs.' Bill of Costs [Doc. # 565].) Each party has objected to the other's claimed costs. (*See* Pls.'s Obj. [Doc. # 566]; Defs.' Obj. [Doc. # 567].) For the following reasons, Plaintiff's Objections are sustained and Defendants' Objections are sustained in part and overruled in part.

**I.    Background**

Familiarity with the factual and procedural background is presumed. Briefly, Plaintiff John J. Weber brought suit against his former employer, Defendant Fujifilm Medical Systems U.S.A. ("FMSU") alleging breach of contract, breach of the covenant of good faith and fair dealing, breach of excess benefit SERP, misrepresentation, promissory estoppel, violation of Connecticut payment of wages law, and violation of ERISA; against FMSU's corporate parents Defendants Fujifilm Holdings America Corporation ("HLUS") and Fujifilm Corporation ("FUJIFILM") for tortious interference and defamation; against

FMSU President and CEO Defendant Hiroki Tada for defamation; and against all four Defendants for civil conspiracy, violation of Title VII, violation of the Connecticut Fair Employment Practices Act ("CFEPA"), violation of the Age Discrimination in Employment Act ("ADEA"), and violation of 42 U.S.C. § 1981, all arising out of FMSU's termination of Mr. Weber's employment in December 2009. (3d Am. Compl. [Doc. # 101].)

On June 11, 2012, after a three-week trial, the jury returned a verdict in favor of Plaintiff on his tortious interference claims, his breach of contract claim, and his breach of the implied covenant of good faith and fair dealing claim. (*See* Am. Judgment [Doc. # 569].) The Second Circuit reversed as to the tortious interference claims, and the Court subsequently entered an amended judgment in Plaintiff's favor on the breach of contract and good faith and fair dealing claims against FMSU only, and awarded Plaintiff damages in the amount of $565,357.00 plus prejudgment interest of $55,592.68, for a total award of $620,949.68. (*Id.*)

## II. Discussion

### A. Prevailing Party

Federal Rule of Civil Procedure 54 provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." In this case both Plaintiff and Defendants claim that they are the prevailing party.

"For a plaintiff to be considered a prevailing party, and thus eligible for an award of [costs], he need not have succeeded on the central issue in the case, and need not have obtained the primary relief sought. It is sufficient that the plaintiff succeeded on any

significant issue in the litigation, regardless of the magnitude of the relief obtained, if he received actual relief on the merits of his claim that materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 757 (2d Cir. 1998) (internal quotation marks, citations, and brackets omitted) (in context of fee-shifting statutes); *see also Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001) (holding that for a party to be "prevailing," there must be a "judicially sanctioned change in the legal relationship of the parties").[1] "A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Farrar v. Hobby*, 506 U.S. 103, 112 (1992).

Courts in this Circuit take "different approaches to prevailing party determinations. Many courts deem a plaintiff to be the prevailing party and award full costs when she was successful on at least one of her claims, regardless of how those claims relate to each other." *Soley v. Wasserman*, No. 08-CV-9262 (KMW) (FM), 2014 WL 4798901, at *3 (S.D.N.Y. Sept. 25, 2014) (citing *Avnet, Inc. v. Am. Motorists Ins. Co.*, No. 87 Civ. 0758, 1990 WL 201651, at *1 (S.D.N.Y. Dec. 5, 1990) (Restani, J.) ("If a plaintiff

---

[1] Because the Second Circuit has held that "in general, a litigant who is a prevailing party for purposes of attorney's fees is also the prevailing party for purposes of costs," *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101–02 (2d Cir. 2006), the Court here relies on caselaw in both the Rule 54 context and in the context of fee-shifting statutes. The Court also notes that the Second Circuit has not distinguished between plaintiffs and defendants for purposes of defining the term "prevailing party." *See Mr. L. v. Sloan*, 449 F.3d 405, 407 (2d Cir. 2006) (holding that *Buckhannon*'s definition of "prevailing party" applies to defendants as well as plaintiffs),

3

recovers a judgment, generally he is the prevailing party, even if he has failed to succeed on all his claims."); *Ryan v. Arabian Am. Oil Co.*, 18 F.R.D. 206, 207 (S.D.N.Y. 1955) (Bondy, C.J.) ("[S]ince plaintiff recovered a judgment he is the prevailing party, even though he failed to sustain all his claims. . . .")).

"Some courts, however, determine the prevailing party and award costs by assessing whether a plaintiff's claims relate to the same underlying conduct. Where a plaintiff has brought an action based on several theories of recovery for the same basic set of facts, virtually all courts deem the plaintiff the prevailing party entitled to full costs even if she prevails on only one theory." *Soley*, 2014 WL 4798901, at *3 (internal quotation marks and citations omitted). "[W]here a plaintiff's claims are more factually distinct, certain courts have recognized that it is inappropriate to award full costs when plaintiffs have prevailed on only a small portion of those claims, and will apportion costs accordingly." *Id.* (internal quotation marks and citations omitted).

Here, Defendants contend that "in light of Tada, HLUS and FUJIFILM's complete success against Weber on all claims asserted against them, Weber's success against FMSU only on his contract claims, and FMSU's success against Weber on all other claims asserted against it, the Court should apportion costs among the parties, with the substantial majority awarded to Defendants." (Defs.' Obj. at 4.)  Plaintiff argues by contrast that he alone is a prevailing party and is entitled to all of his costs.  (Pls.' Obj. at 1–2.)  Plaintiff has the better argument.

Plaintiff succeeded on his breach of contract claim, a significant issue in the litigation, and obtained an award of more than $600,000, thus "modif[ying] the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount

4

of money he otherwise would not pay." *Farrar*, 506 U.S. at 112. Although Plaintiff did not succeed on several claims that would have yielded a larger amount of damages, even under the more demanding standard applied by some courts in this Circuit, Plaintiff is entitled to an award of full costs because all of his claims arose out of "the same basic set of facts." *Soley*, 2014 WL 4798901, at *3; *see Lodges 743 & 1746, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. United Aircraft Corp.*, 534 F.2d 422, 448 (2d Cir. 1975) ("It is axiomatic that a plaintiff need not sustain his entire claim to be regarded as the prevailing party."); 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2667, at 212 (3d ed. 1998) ("A party who is only partially successful also can be deemed a prevailing party. Consequently, a claimant who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.").

Plaintiff was terminated, allegedly for cause. He brought suit, claiming the termination was not for cause (and therefore his employer had breached his contract); that in fact his employer's corporate parents and FMSU's president had conspired to terminate him; and that his termination was because of his age and/or national origin and/or race. Though he did not succeed on his claims regarding the true reasons for his termination, he did succeed on the crux of his claims—that he was terminated without cause. In these circumstances, the fact that Plaintiff succeeded on only one legal theory against only one Defendant does not alter his status as the prevailing party. *See Lodges 743 & 1746*, 534 F.2d at 448 (upholding district court's determination that plaintiffs were the prevailing party where plaintiffs succeeded in proving breach of contract with respect to 72 out of 3,503 strikers and "were awarded a judgment in excess of $310,000 a

substantial sum by any standard."); *Soley*, 2014 WL 4798901, at * 4 ("Although Plaintiff offered several theories of recovery . . . each theory was based on the same basic set of facts. The Court, therefore, views Plaintiff's claims as offering multiple theories of relief for the same underlying conduct. Plaintiff prevailed on two of the five theories offered. That is sufficient for the Court to award Plaintiff prevailing party status and full costs."); *Hamptons Locations, Inc. v. Rubens*, No. 01-CV-5477 (DRH) (WDW), 2010 WL 3522808, at *3 (E.D.N.Y. Sept. 2, 2010) (finding that plaintiffs were the prevailing party although they succeeded on only one cause of action against one defendant, out of a total of five causes of action brought against each of three defendants where plaintiffs succeeded on "a significant issue" and "were awarded damages by the jury in the amount of $1000.00."); *Baim v. Notto*, 316 F. Supp. 2d 113, 116 (N.D.N.Y. 2003) ("Though plaintiff had very limited success at trial, obtaining a favorable verdict against only one defendant on only one claim, he is still entitled to prevailing party status.  He essentially had two overall claims adjudged by the jury, both for excessive force, one arising out of events at his apartments, the other arising out events at the Schenectady Public Safety Building. Success on one of those claims, even if only against one defendant, is victory on a significant claim.").

Because Plaintiff "succeeded on a[] significant issue in the litigation . . . [and] he received actual relief on the merits of his claim that materially alter[ed] the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff," *LeBlanc-Sternberg*, 143 F.3d at 757, he is entitled to prevailing party status under Rule 54(d).  To the extent Defendants argue otherwise, their objections are overruled.

B.  **Video Recordings of Depositions**

Among the costs Plaintiff seeks to recover are: $2,960.76 associated with videotaping Mr. Tada's deposition, $1,650 associated with videotaping Mr. Komori and Mr. Nakamura's depositions, and $603.90 for videotaping Mr. Leslie's deposition. Defendants contend that these costs should be excluded from any costs awarded to Plaintiff.

Federal Rule of Civil Procedure 54(d) permits courts to award costs to prevailing parties.  The term "costs" as used in Rule 54(d) is defined by 28 U.S.C. § 1920.  *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 § Ct. 1997, 2001 (2012).  Under § 1920, taxable costs include: "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," 28 U.S.C. § 1920(2), and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case," *id.* § 1920(4).

Local Rule of Civil Procedure 54(c)(2)(ii) likewise permits recovery of "[t]he cost of an original and one copy of deposition transcripts . . ., if used at trial in lieu of live testimony, for cross-examination or impeachment, if used in support of a successful motion for summary judgment, or if they are necessarily obtained for the preparation of the case and not for the convenience of counsel."

Although in their objection, Defendants do not distinguish between the cost of a video deposition and the cost of synchronization,[2] the Court will analyze these two categories of costs separately.

### 1. Video deposition

Courts in this Circuit appear to be split on the question of whether the costs of video depositions are taxable under Local Rule 54, but the majority of courts have found that they are taxable if necessarily obtained for use in the case.[3]

The Second Circuit has not addressed the question of whether costs associated with video depositions are taxable, but six[4] of the seven circuit courts[5] to weigh in on the

---

[2] Synchronization allows a party "to retrieve and display specific portions of a transcript with corresponding video." *Thabault v. Chait*, No. 85-2441 (HAA), 2009 WL 69332, at *11 (D. N.J. Jan. 7, 2009).

[3] *See Barclay v. Michalsky*, No. 04cv1322 (JGM) (JBA) (D. Conn. Feb. 18, 2011); *Buell v. Hughes*, No. 07cv468 (DJS) (D. Conn. April 20, 2009); *Oliphant v. State of Conn., Dep't of Transportation*, No. 02cv700 (PCD) (D. Conn. June 23, 2008); *Fairbrother v. State of Conn., Dep't of Mental Health*, No. 01cv162 (PCD) (D. Conn. Dec. 20, 2006); *see also Settlement Funding, LLC v. AXA Equitable Life Ins. Co.*, No. 09cv8685 (HB), 2011 WL 2848644, at *4 (S.D.N.Y. July 18, 2011) (holding that costs of video depositions are recoverable where "there was an expectation among the parties that the video of the testimony might be presented at trial" (internal quotation marks omitted)). *But see Kisiel v. Peet*, No. 07cv1263 (SRU) (D. Conn. Feb. 22, 2011) (holding that "the Local Rules do not provide for the taxing of costs for videotaping fees" because the rules are silent about video depositions); *Christie v. General Electric Capital Servs.*, No. 05cv0379 (TLM), 2010 WL 3081500, at *1 (D. Conn. Aug. 5, 2010) (interpreting a 2008 amendment to § 1920 as "reflect[ing] an intent to include transcripts that are recorded by electronic recording device, rather than only those recorded by traditional court stenographer," and concluding that "had Congress intended to include video recordings it would have specifically amended the statute to say so.").

[4] *See Hyland v. HomeServices of Am., Inc.*, 582 F. App'x 657 (6th Cir. 2014); *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 569 F.3d 894, 897–98 (8th Cir. 2009); *Little v. Mitsubishi Motors N. America, Inc.*, 514 F.3d 699, 701–02 (7th Cir. 2008); *Cherry v.*

8

issue have answered in the affirmative.[6]  Because Federal Rules of Civil Procedure 30(b)(2) and (3) explicitly permit depositions to be "recorded by sound, sound-and-

---

*Champion Intern. Corp.*, 186 F.3d 442, 449 (4th Cir. 1999); *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997); *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996).

[5] The Fifth Circuit held, before the 2008 amendment to § 1920, that video deposition costs are not taxable. *See Mota v. Univ. of Texas Houston Health Science Ctr.*, 261 F.3d 512, 529–30 (5th Cir. 2001) ("28 U.S.C. § 1920(2) only allows for the recovery of fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case.  There is no provision for videotapes of depositions." (internal quotation marks and brackets omitted)). In 2008, Congress changed the language of § 1920(2) from permitting "[f]ees of the court reporter for all or any part of the *stenographic* transcript" to permitting "[f]ees for *printed or electronically recorded* transcripts." *Christie*, 2010 WL 3081500, at *1 (emphasis in original) (internal quotation marks omitted).

[6] The Fourth Circuit, while holding that video-related costs are taxable in some circumstances, required parties seeking to recover such costs to make a showing of why they should be able to recover the costs of *both* transcription and videotaping.  *See Cherry*, 186 F.3d at 449.  Other circuits have held however that such a showing is not necessary and that "in most cases, a stenographic transcript of a videotapes deposition will be 'necessarily obtained for use in the case.'" *Tilton*, 115 F. 3d at 1478; *see Little*, 514 F.3d at 702 ("We agree with the Tenth Circuit that most transcripts of video-recorded depositions will fall into th[e] category [of 'necessarily obtained']").  The Tenth Circuit, adopting the reasoning of the district court in *Meredith v. Schreiner Transport*, 814 F. Supp. 1004 (D. Kan. 1993), explained, there is "an independent, legitimate use for the transcript apart from the videotape," and therefore it is not duplicative to award costs for both.  *Tilton*, 115 F.3d at 1478.  "[A] videotape could be lost, erased, or fall pretty to technical difficulty;" "the parties c[an] more easily edit objectionable portions of deposition testimony from a transcript;" "appellate courts c[an] more efficiently review claims of error relating to deposition testimony by reference to a transcript than to a videotape deposition;" and "in many cases, a party insists that the opposing party arrange to have a transcription made as a condition for obtaining an order allowing a videotape deposition." *Id.*  Further, the court noted that its "view is consistent with the obligations imposed by the Federal Rules of Civil Procedure.  In particular, Rule 26 requires a party who has noticed a deposition to be taken by nonstenographic means to provide a transcript to opposing parties as part of its discovery obligations [and] Rule 32(c) requires

9

visual, or stenographic means," these courts have held that Rule 30, in conjunction with § 1920(2) "implicitly permits taxation of the costs of video depositions." *Tilton*, 115 F.3d at 1477; *see Craftsmen Limousine, Inc.*, 569 F.3d at 897–98 (holding that "the costs of video depositions are included under § 1920" because "[w]hile the [pre-2008] iteration of § 1920 does not specifically authorize video-deposition costs, Federal Rule of Civil Procedure 30(b)(3)(A) authorizes video depositions as an alternative to traditional stenographic depositions, which § 1920 does authorize"); *Morrison*, 97 F.3d at 465 ("Reading [Rule 30 and § 1920] together, we hold that, when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordations pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed."). The Seventh Circuit noted that this conclusion is further bolstered by a 1993 amendment to Rule 30 which deleted the phrase "at the party's own expense" from the section of the Rule permitting a party to "arrange to have a stenographic transcription made at the party's own expense" when a deposition was recorded by non-stenographic means. *Little*, 514 F.3d at 701–02. The court explained:

> The text of the rule is the most reliable indicator of the intent of the rule-makers. Here, the rule-makers have removed the provision that we previously interpreted to bar an award of costs in this situation. Because the 1993 amendment removed the "operative language," we must conclude that the rule-makers intended to allow the costs of both video-recording and stenographic transcription to be taxed to the losing party.

---

a party to provide a transcript of a video deposition that the party intends to offer as evidence at trial or upon a dispositive motion." *Id.*

10

*Id.* at 702 (internal citations omitted).

The Tenth Circuit added that:

[P]ermitting recovery of the costs of video depositions comports with public policy. We see no reason to penalize a prevailing party because the party has chosen to preserve and present testimony through a videotape instead of a printed transcript. "[V]ideotaped depositions are a necessary and time effective method of preserving witnesses' time and allocating precious court and judicial time in this age of advance court technology and over-crowded court calendars. [Thus, w]e must not seem reluctant to adopt any and all time-saving methods that serve to improve our system of justice." *Commercial Credit Equip. Corp. v. Stamps*, 920 F.2d 1361, 1368 (7th Cir. 1990).

*Tilton*, 115 F.3d at 1477.

This Court is persuaded by the reasoning of the Seventh, Eighth, and Tenth Circuits and holds that § 1920 permits the recovery of the cost of video depositions where they are "necessarily obtained for use in the case." Here, Plaintiff seeks $1,650 for the depositions of Shigetaka Komori and Kazuo Nakamura and $2,960.76 for the two-day deposition of Hiroaki Tada, all of which were used at trial. (*See* Pl.'s Verified Bill of Costs [Doc. # 565] at 3–4; Ex. C to Pl.'s Bill of Costs [Doc. # 565-4] at 4–6, 19.) As they were used at trial, these depositions were necessarily obtained for use in this case, and Plaintiff shall be awarded costs for them in the amount of $4,610.76. The video deposition of Charles Leslie, however, was not used at trial and Plaintiff will not be awarded costs for it.

### 2. Synchronization

Next, the Court turns to the related question of whether Plaintiff may recover costs for synchronization of the video deposition and transcripts. The Court is not aware

11

of any caselaw addressing this issue in this Circuit.  However, several circuit courts and district courts outside this Circuit have discussed it.

The Sixth Circuit has permitted parties to recover costs for synchronization under § 1920(2), "provided the trial court finds the procedure reasonably necessary," but the court has not elaborated on its reasoning.  *Colosi v. Jones Lang LaSalle Americas, Inc.*, 781 F.3d 293 (6th Cir. 2015) (citing *BDT Products, Inc. v. Lexmark Intern., Inc.*, 405 F.3d 415 (2005), *abrogated on other grounds by Taniguchi*, 132 S.Ct. at 2007).  The Ninth Circuit, by contrast, relying on § 1920(4), held that synchronization costs are not taxable because "synchronizing deposition videotapes with their transcripts, while convenient, [i]s not an act of copying or exemplification and [i]s not truly *necessary* for trial."  *Kalitta Air LLC v. Cent. Texas Airborne Sys., Inc.*, 741 F.3d 955, 959 (9th Cir. 2013) (emphasis in original).  At least two district courts have previously agreed.  *See J-Way Leasing, Ltd. v. Am. Bridge Co.*, No. 1:07cv3031, 2010 WL 816439, at *3 (N.D. Ohio Mar. 4, 2010) ("[C]osts for video/audio synchronization represent a strategic choice by counsel on how to most persuasively present their case and [are] not necessary to the presentation of the case" (internal quotation marks omitted)); *Whirlpool Corp. v. LG Elecs., Inc.*, No. 1:04cv100, 2007 WL 2462659, at *6 (W.D. Mich. Aug. 26, 2007) ("[T]he Court does not agree that the costs of format conversion and synchronization are necessary costs.  Digitalizing a video and synchronizing it with the transcript represents a strategic choice by counsel on how to most persuasively present their case.  The cost of such features is not necessary to the presentation of the case.").[7]

---

[7] In addition, a few district courts have drawn a distinction between synchronization costs for video depositions that were used at trial and costs for

The parties here, however, have offered no basis for the Court to determine whether synchronization was necessary for trial preparation and presentation or was merely for counsel's convenience. For this reason, the Court declines to award Plaintiff's synchronization costs.

### III.     Conclusion

For the foregoing reasons, Plaintiff's Objections to Defendants' Bill of Costs are SUSTAINED.  Defendants are not the prevailing party and are therefore not entitled to recover costs arising out of this litigation.  Plaintiff is entitled to his costs to be paid by Defendant FMSU.  Defendants' Objections to Plaintiff's Bill of Costs are SUSTAINED in part and OVERRULED in part.  Plaintiff shall not recover the costs of synchronization of the video depositions or the cost of Charles Leslie's video deposition which was not used at trial.  Plaintiff is therefore awarded $33,691.80 in costs to be paid by FMSU.

IT IS SO ORDERED.

     /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 13th day of August, 2015.

---

depositions that were not used at trial, permitting recovery of the former but not the latter. *See Thabault*, 2009 WL 69332, at *12; *see also Adidas America, Inc. v. Payless Shoesource, Inc.*, Nos. 01-1655-KI, CV 03-1116-KI, 2009 WL 302246, at *3 (D. Oregon Feb. 9, 2009).